FEDERAL REPORTS. 55

Insular Dock Co. v. P. J. Carlin Constr. Co.

# INSULAR DOCK COMPANY, Plffs.,

### *v.*

# P. J. CARLIN CONSTRUCTION COMPANY AND SAN JUAN HARBOR BOARD, Defts.

---

San Juan, Equity, No. 955.

ON MOTION OF THE SAN JUAN HARBOR BOARD FOR LEAVE TO FILE AN AMENDED ANSWER.

Intervention—Amendment of Bill.

    1. Upon the granting of a petition of intervention by a harbor board to defend a suit brought to restrain the execution of work by a contractor operating in behalf of the board, the original bill of complaint should be amended by inserting the harbor board as joint defendant.

Equity—Amendment of Answer.

    2. If the intervener in an injunction suit has filed an answer and subsequently a preliminary injunction is granted, permission may thereupon be given to amend the answer although the amended answer will not be admitted unless it is in proper form and without conclusive or evidentiary allegations.

Opinion filed May 22, 1915.

---

*Mr. H. G. Molina* for the complainant.


*The Attorney General of Porto Rico* for the San Juan Harbor Board.

HAMILTON, Judge, delivered the following opinion:

The case seems to stand as follows: The bill of complaint was filed May 3d and the P. J. Carlin Construction Company answered on May 6th. The petition of intervention in the nature of an answer was filed May 10th and the preliminary injunction was granted on May 14th. The case was set for to-day originally upon a motion for a decree upon the pleadings and upon the issues generally. The first motion I understand is withdrawn. As to the second, the trial upon the merits, that has already been reset for next Tuesday.

The matter comes up immediately now upon the motion of the harbor board for leave to file an amended answer. That is opposed by the complainant on several grounds, and this is the point, as I understand it, which I have to decide at present.

1. There is one matter preliminary to that though, that has not been discussed and which will have to be disposed of, a matter which probably concerns the court rather than the parties; but it must be got straight. It is this. This bill originally was brought by the Insular Dock Company against the P. J. Carlin Construction Company alone. There was later, as already stated, a petition of the San Juan Harbor Board asking that it be made a party to the suit, and, that being allowed, it thereafter filed what is called an answer to the amended bill. It seems to the court that it would be proper for it to make a motion now to amend that. Here is one point of practice which comes up under the new rules, and, so far as I see, I would have to make a precedent on the subject.

The rule which I quoted the other day says that a party shall be admitted *pro interesse suo* upon petition, and, acting under

Insular Dock Co. v. P. J. Carlin Constr. Co.

that, I admitted the San Juan Harbor Board, but that rule is in general terms, and the practice of this court has got to be put in conformity to the rule. The practice in this court and every court, I presume, is that somebody files a complaint, call it a petition or a bill or whatever it may be, but files some sort of a complaint. The opposing party answers it, and that is the issue, and the parties try that issue. Unless there is some sort of issue, there can be no trial. The court would be wandering in mazes of all facts which are somewhere in the neighborhood of the matter in question. So, the point in my mind right now is this. I want to get at an issue in this whole case. Now what is this petition of intervention? It has been granted and the harbor board is in the case. There are only two ways, it seems to me, that the practice can be made clear. Either under the equity rule as to intervention a party having an interest files a petition and the opposing party answers that petition and the issue proceeds as a collateral matter, as often comes up in receiverships; or the party intervening is formally made a defendant or complainant, as the case may be. The complainant in this case did not answer the petition of intervention, and I think all parties have practically agreed that it is a matter of making the harbor board a party to the main suit *vel non,* and the court having decided that it is a party to the main suit, the question is, What kind of a party? The harbor board evidently goes on the theory that it is a defendant. It has filed an answer to the amended bill, and no objection whatever is interposed on the part of the complainant; so that it seems to me that this is the proper practice. It is not only agreed to in this case, but it is the proper practice. But here is the particular point that I want to settle. Here is a bill that does not mention one of the

Insular Dock Co. v. P. J. Carlin Constr. Co.

defendants, and it seems to me that that is not the proper practice. I do not mean on the part of the draftsman of the bill, but that is not the proper condition for the court to leave the case in. In some way the bill must mention all its defendants, and, in order to get that beyond peradventure, I now,—probably I should have done it before,—but I now direct the complainant to amend his bill of complaint by putting in red ink the name of the harbor board in the caption and in the body of the pleading. Otherwise I would not know how to describe the suit. I make that order *nunc pro tunc,* and we will consider that the complainant has done that.

2. That being out of the way, there comes up the question of this motion by that defendant to amend its answer. That defendant agrees that that is the proper way to call it, an amendment to his answer. I think he is perfectly right about that, because the other paper was called an answer to the amended bill. So the question comes up, Is this a proper amendment? It has been read in the hearing of the court. I do not know whether all of it was read,—I believe all of it was not read. It strikes me that it is not in the shape which the best pleading would require. A bill in equity is the allegation of certain facts making up the complainant's case. An answer in equity is a denial, one by one, or an admission, as the case may be, of the different facts or elements set out as making up the complainant's case. The amended answer tendered does not do this in express words. Of course the reply would be that it does it in effect, does it more effectively than it could be done in a denial; still I think that the better practice would be that it should deny the different allegations which it wants to deny and admit the different allegations that it wishes to admit. And then, of

Insular Dock Co. v. P. J. Carlin Constr. Co.

course, there is one thing further, if there are any affirmative facts to be set up, they can be set up after that admission or denial; and, furthermore, if there should be any cross relief asked,—I do not understand that there is in this case,—it would come up in a cross bill. Furthermore, it would be better not to allege all the evidential details, because this becomes quite confusing. Whatever is alleged should be proved, and it becomes a question afterwards, if a particular allegation is not proved, how that affects the whole pleading.

I think that the answer as read to me does not conform to the principles I have just mentioned, and I will not pass upon the motion in so many words; but I will continue the motion and ask the Attorney General to reform the answer to meet the suggestions that I have just made as to denial and affirmation and any other affirmative facts, but one by one, so that the court can see exactly where the issue is. At present with that answer it would be quite a labor for the court to find out exactly what is admitted and what is denied. So I will simply continue this motion until Monday.